Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001189
29-DEC-2014
07:48 AM

NO. CAAP-14-0001189

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SPRINGLEAF FINANCIAL SERVICES OF HAWAII, INC.,
Plaintiff-Appellee,
v.
IAN KEITH THOMAS and JENIES OAK RODNEY THOMAS,
Defendants/Cross-Claim Plaintiffs/Third-Party
Plaintiffs/Appellants,
and
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee
for AMERIQUEST MORTGAGE SECURITIES INC. Asset-Backed
Pass-Through Certificates, Series 2004-R8, Under the Pooling
and Servicing Agreement Dated August 1, 2004, Defendant-Appellee,

---

IAN KEITH THOMAS and JENIES OAK RODNEY THOMAS,
Defendants/Cross-Claim Plaintiffs/Third-Party
Plaintiffs/Appellants,
v.
BENEFICIAL HAWAII, INC., HSBC FINANCE CORP., and
AMERIQUEST MORTGAGE COMPANY, Third-Party Defendants/Cross-Claim
Defendant/Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-3039)

ORDER GRANTING NOVEMBER 13, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Third-Party Defendants/Appellees Beneficial Hawaii, Inc. (Appellee Beneficial Hawaii), and HSBC Finance Corp.'s (Appellee HSBC Finance) November 13, 2014 motion to dismiss appellate court case number CAAP-14-0001189 for lack of appellate jurisdiction, (2) Defendants/Cross-Claim Plaintiffs/Third-Party Plaintiffs/Appellants Ian Keith Thomas and Jenies Oak Rodney Thomas's (the Thomas Appellants) November 20, 2014 memorandum in opposition to Appellees Beneficial Hawaii and HSBC Finance's November 13, 2014 motion to dismiss, and (3) the record, it appears that we do not have appellate jurisdiction over the Thomas Appellants' appeal from the Honorable Bert I. Ayabe's May 21, 2014 judgment because the Thomas Appellants' October 17, 2014 notice of appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) as to the May 21, 2014 judgment and the August 22, 2014 post-judgment order granting Appellees Beneficial Hawaii and HSBC Finance's June 4, 2014 motion for attorneys' fees and costs pursuant to Rule 54(d)(2)(B) of the Hawai'i Rules of Civil Procedure (HRCP).

Under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under

-2-

HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

Although the May 21, 2014 judgment does not resolve all claims against all parties, the May 21, 2014 contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Therefore, the May 21, 2014 judgment is an appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins.

Pursuant to HRAP Rule 4(a)(3), Appellees Beneficial Hawaii and HSBC Finance extended the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal by filing their June 4, 2014 HRCP Rule 54(d)(2)(B) motion for

attorneys' fees and costs within fourteen days after entry of the May 21, 2014 judgment, as HRCP Rule 54(d)(2)(B) required to timely invoke the tolling provision in HRAP Rule 4(a)(3). HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008). Nevertheless, "when a timely post-judgment tolling motion is deemed denied, it does not trigger the thirty-day deadline for filing a notice of appeal until entry of the judgment or appealable order pursuant to HRAP Rules 4(a)(1) and 4(a)(3)." Association of Condominium Homeowners of Tropics at Waikele v. Sakuma, 131 Hawai'i 254, 256, 318 P.3d 94, 96 (2013). Consequently, "the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]" HRAP Rule 4(a)(3) (emphasis added).

In the instant case, the circuit court triggered the extended thirty-day time period under HRAP Rule 4(a)(3) for any party to file a notice of appeal by entering the August 22, 2014 post-judgment order granting Appellees Beneficial Hawaii and HSBC Finance's June 4, 2014 HRCP Rule 54(d)(2)(B) post-judgment motion for an award of attorneys' fees and costs. Once the circuit

-4-

court entered the August 22, 2014 post-judgment order awarding attorneys' fees and costs, there was no need for the circuit court to subsequently enter the September 18, 2014 judgment on the same award of attorneys' fees and costs to render the August 22, 2014 order appealable, because

> the rule in Jenkins[ v. Cades Schutte Fleming & Wright] - to wit, that circuit court orders resolving claims against the parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken - is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Ditto v. McCurdy, 103 Hawaiʻi 153, 159, 80 P.3d 974, 980 (2003) (emphases in original text). Unlike circuit court orders disposing of claims raised in a circuit court complaint, a "circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, . . . because such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawaiʻi 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawaiʻi 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). In fact, HRCP Rule 58 specifically provides that "[t]he entry of the judgment shall not be delayed for the taxing of costs." Consequently, although a separate judgment is usually necessary for an appeal from dispositive rulings on substantive claims under HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawaiʻi at 158, 80 P.3d at 979; Carlisle v. One (1) Boat, 119

Hawai'i at 254, 195 P.3d at 1186 (citing <u>Ditto v. McCurdy</u> and acknowledging that "certain exceptions to this rule [in <u>Jenkins</u>] have been recognized, specifically, with regard to post-judgment orders[.]"). For example, a post-judgment order, by itself, which finally determines a post-judgment motion for attorneys' "fees and interest is an appealable final [post-judgment] order under HRS § 641-1(a)." <u>Chun v. Board of Trustees</u>, 106 Hawai'i 416, 429 n.12, 106 P.3d 339, 352 n.12 (2005). Once a circuit court has entered an appealable post-judgment order, any subsequent judgment on the same appealable post-judgment order is "superfluous[.]" <u>Ditto v. McCurdy</u>, 103 Hawai'i at 160, 80 P.3d at 981.

In the instant case, after the circuit court entered the August 22, 2014 post-judgment order granting Appellees Beneficial Hawaii and HSBC Finance's June 4, 2014 HRCP Rule 54(d)(2)(B) post-judgment motion for an award of attorneys' fees and costs, the circuit court's subsequent entry of the September 18, 2014 judgment on the same award of attorneys' fees and costs was superfluous as to perfecting any party's right to appeal and did not extend the time to appeal. The Thomas Appellants did not file their October 17, 2014 notice of appeal within thirty days after entry of the August 22, 2014 post-judgment order granting Appellees Beneficial Hawaii and HSBC Finance's June 4, 2014 HRCP Rule 54(d)(2)(B) post-judgment motion for an award of attorneys' fees and costs, as HRAP Rule 4(a)(3) required for a timely notice of appeal under these circumstances. Therefore, the Thomas Appellants' October 17, 2014 notice of

appeal is untimely under HRAP Rule 4(a)(3).

The Thomas Appellants argue that we should deny Appellees Beneficial Hawaii and HSBC Finance's November 13, 2014 motion to dismiss appellate court case number CAAP-14-0001189 for lack of appellate jurisdiction based on the "unique circumstances" doctrine under the holding in Cabral v. State, 127 Hawaiʻi 175, 277 P.3d 269 (2012). However, Cabral is inapposite. In Cabral, the trial court filed an order extending the deadline to file a notice of appeal (before the original deadline expired), and the appellants delayed the filing of their notice of appeal in reliance on the extension order. Here, the circuit court did not file an order extending the deadline to file a notice of appeal and thus there was no extension order on which the Thomas Appellants could rely. As the Supreme Court of Hawaiʻi has held, the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore,

IT IS HEREBY ORDERED that Appellees Beneficial Hawaii and HSBC Finance's November 13, 2014 motion to dismiss appellate

court case number CAAP-14-0001189 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-14-0001189 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 29, 2014.

Chief Judge

Associate Judge

Associate Judge